**UNITED STATES of America**

v.

**John N. MITCHELL et al.**

**In re NATIONAL BROADCASTING COMPANY, INC., et al.**

**Misc. No. 74–128.**

United States District Court,
District of Columbia.

Dec. 22, 1976.

Floyd Abrams, Donald J. Mulvihill and Eugene R. Scheiman, New York City, for N. B. C., Inc., A. B. C., Inc., CBS Inc., and Radio Television News Directors Assn.

Edward Bennett Williams and Richard M. Cooper, Washington, D. C., for Warner Communications, Inc.

William G. Hundley, Washington, D. C., for John N. Mitchell.

John J. Wilson, Washington D. C., for H. R. Haldeman.

Stuart Stiller, Washington, D. C., for John Ehrlichman.

Ronald P. Wertheim, Washington, D. C., for Robert Mardian.

Herbert J. Miller, Washington, D. C., for Richard M. Nixon.

Sp. Prosecutor Charles Ruff, Washington, D. C., for the Government.

**MEMORANDUM AND ORDER**

SIRICA, District Judge.

On December 10, 1976, the Court of Appeals remanded the record in this case to this Court for the "limited purpose of commencing the development of a plan of distribution [of copies of the tapes introduced into evidence and played to the jury in *United States v. Mitchell*, Cr. No. 74–110], in accord with [the Court of Appeals' earlier opinion of] October 26, 1976 (D.C.Cir., 551 F.2d 1252)." This order is intended to begin that process.

I.

The first thing that must be done is to set a procedure for developing the plan. The Court has tentatively decided to proceed in the following manner. First, it will request that the parties in this case who are seeking copies of the tapes submit a proposed plan or plans for distribution. The Court will then allow comment on the proposed plan or plans by those parties in this case who wish to do so. Thereafter, the general public will be given an opportunity to comment on a plan or plans that might be acceptable. When all the comments from the public have been received and considered, the Court will then decide on the final plan for distribution.

The Court is aware that this possible procedure is somewhat vague and may not be completely satisfactory. The Court, therefore, would like to have comments on it from the parties. In particular, if comment by the public is in fact appropriate, the Court would like to have suggestions on how they might best be notified and given an opportunity to comment. For example, the Court would like to know whether notice through the *Federal Register* or through press release or through both would be appropriate.

II.

In any event, it appears at this time to be safe—and in the interest of speeding matters up—also to ask the parties seeking copies of the tapes to begin the process by

submitting a proposed plan or plans for the tapes' distribution. Of course, there may be many other matters worth discussing, but of particular concern to the Court at this time are the following:

### A. Production of Copies

How can the Court assure that copies of high quality will be produced relatively quickly, at a reasonable cost, and in sufficient quantity to satisfy the likely demand for them? How can the Court assure that no unfair competitive advantage is conferred through the copying process? More specifically, who should be entrusted with the task of producing the copies? What form should the copies take—phonograph record or tape?

One possible solution to at least some of these problems might be to ask the Archivist of the United States to undertake this task. It does appear that 31 U.S.C. § 686 (1970) permits the Court and the Archivist to enter into an agreement to do this, and it does appear, from the Court's preliminary inquiry, that the Archivist has the capability to perform the work. There may be a better way that the Court is not aware of, but the parties should specifically consider this possibility and, if unsatisfied with it, give reasons against it.

### B. Distribution of Copies

How can the Court assure that the copies will be distributed fairly, promptly, and at reasonable cost? How can the Court assure that no unfair competitive advantage will be conferred through the distribution process? More specifically, who should be chosen to distribute the copies? How can the Court assure that each person who wishes to purchase a copy will be able to do so at approximately the same time? How shall interested persons be notified that copies of the tapes are available? What should be the price set for purchase of copies?

The Court suggests that perhaps the Archivist might undertake this task also. The parties should specifically address this possibility.

### III.

Accordingly, in order to begin consideration of these matters, it is this 22nd day of December, 1976,

ORDERED that petitioners National Broadcasting Company, Inc., American Broadcasting Companies, Inc., CBS, Inc., Radio Television News Directors Association, and Warner Communications, Inc., have twenty days in which to make such comment on the procedures for developing a final plan for distribution as they deem appropriate, and to submit a proposed plan or plans to the Court; and it is

FURTHER ORDERED that Mr. Richard Nixon, the Special Prosecutor, the defendants in *United States v. Mitchell,* Cr. No. 74–110, and the other parties in this case, have ten days thereafter in which to submit their comments on the procedures suggested for developing a final plan; and it is

FURTHER ORDERED that all of the parties in this case shall have this same additional ten days in which to submit comments on any plans for distribution that they have not proposed.